IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, MICHAEL LOIACONO, AND MICHAEL MCKOWN, as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION PLAN,<br><br>2121 K Street, N.W.<br>Washington, DC  20037<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>CARDEM INSURANCE COMPANY, LTD,<br><br>Canon's Court<br>22 Victoria Street<br>Hamilton<br>Bermuda, HM 12<br><br>　　　　　　　Defendant. | Civil Action No. |

**COMPLAINT FOR COLLECTION OF**
**EMPLOYER WITHDRAWAL LIABILITY**

Plaintiffs, Michael H. Holland, Micheal W. Buckner, Michael Loiacono, and Michael McKown in their capacities as Trustees of the United Mine Workers of America ("UMWA") 1974 Pension Plan ("1974 Plan"), by their undersigned counsel, for their Complaint against Defendant Cardem Insurance Company, LTD, allege, upon knowledge with respect to themselves and their action and upon information and belief with respect to all other matters, as follows:

1. This is an action for declaratory and injunctive relief, and for collection of delinquent withdrawal liability payments, damages, and interest thereon incurred as the result of a withdrawal by an employer from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under Section 4301(c) of ERISA, 29 U.S.C. § 1451(c); and Section 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132(e)(1) and (f).

3. Venue is proper in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and Section 4301(d) of ERISA, 29 U.S.C. § 1451(d).

4. Plaintiffs, Michael H. Holland, Micheal W. Buckner, Michael Loiacono, and Michael McKown are Trustees of the 1974 Plan. The Trustees conduct the business of the 1974 Plan at 2121 K Street, N.W., Washington, D.C. 20037. The Trustees are fiduciaries with respect to the 1974 Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the plan sponsor of the 1974 Plan within the meaning of Sections 3(16)(B)(iii) and 4001(a)(10)(A) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A).

5. The Trustees are authorized to bring this action by Sections 502(a)(3) and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) and (b).

6. The 1974 Plan is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

7. Walter Energy, Inc. and its wholly owned subsidiary Jim Walter Resources, Inc. (collectively "Walter Energy"), not named defendants in this action, were engaged in operating a certain coal mine, or mines, or coal mining business and/or transporting or cleaning coal.

8. Defendant, Cardem Insurance Company, LTD. ("Cardem" and/or "Defendant") is or was a Bermuda company with an office and/or address at Canon's Court, 22 Victoria Street, Hamilton, Bermuda, HM 12. Based upon information and belief, Cardem has contacts within the United States, including but not limited to the following: (i) Cardem has delivered at least one policy in the U.S. and has received premiums paid by policyholders within the U.S.; (ii) Cardem has provided reinsurance in connection with homes constructed in multiple U.S. states, as well as workers compensation coverage for U.S. employers covering employees located within the U.S. and property insurance coverage for properties located within the U.S.; (iii) Cardem has generated substantially all of its revenue by the provision of insurance in the U.S.; (iv) Cardem made an election to be treated as a U.S. taxpayer pursuant to Section 953(d) of the Internal Revenue Code; and (v) employees of Walter Energy, a U.S. corporation, have historically constituted the majority of Cardem's board of directors.

9. Walter Energy was a party to the National Bituminous Coal Wage Agreements of 1978, 1981, 1984, 1988, 1993, 1998, 2002, 2007, and 2011 (collectively the "Agreements").

10. Pursuant to its obligations under the terms of the Agreements, Walter Energy was a participating employer in the 1974 Plan. Walter Energy was obligated to and did make contributions to the 1974 Plan on behalf of its employees covered under the Agreements. Walter Energy permanently ceased all covered operations under the 1974 Plan on or about March 31, 2016. As a result of this cessation, Walter Energy withdrew from the 1974 Plan in a complete withdrawal, as that term is defined in Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

11. Based upon information and belief, the 1974 Plan alleges that Defendant Cardem and Walter Energy were under "common control" on the date of withdrawal within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1). As such, Walter Energy and Cardem

are a single employer for withdrawal liability purposes, and therefore are jointly and severally liable for the withdrawal liability of Walter Energy.

12. As a result of its complete withdrawal from the 1974 Plan, Walter Energy and Defendant Cardem incurred withdrawal liability to the 1974 Plan in the amount of $933,942,409.74 as determined under Section 4211(d)(1) of ERISA, 29 U.S.C. § 1391(d)(1).

13. Pursuant to Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399, the 1974 Plan notified Defendant Cardem of its withdrawal liability by letter dated April 23, 2018. The 1974 Plan demanded withdrawal liability of $933,942,409.74 and offered Cardem the option of discharging its liability in monthly payments or paying its withdrawal liability in one lump sum. The letter notified Cardem that if it chose monthly payments, the first payment was due on July 2, 2018.

14. Defendant Cardem has failed to make any withdrawal liability payments to the 1974 Plan. In addition, Cardem has not requested review of any specific matter relating to the determination of the employer's liability and schedule of payments nor identified any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the employer, pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

15. By letter dated July 17, 2018, the 1974 Plan demanded payment of all past due withdrawal liability payments, plus interest, no later than September 25, 2018. The 1974 Plan advised Defendant Cardem that unless payment was made by that date, its entire withdrawal liability of $933,942,409.74 to the 1974 Plan would become due and payable without further demand.

16. Defendant Cardem has failed to make the withdrawal liability and interest payments demanded by the 1974 Plan. Accordingly, Cardem is in default within the meaning of

Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and the entire amount of its withdrawal liability is now due and payable.

17.  The failure of Defendant Cardem to make withdrawal liability payments in accordance with Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), has caused the 1974 Plan to sustain loss of investment income and has further caused the 1974 Plan to incur administrative and legal expenses.

18.  Defendant Cardem has failed to discharge its statutory obligations and has caused Plaintiffs to suffer immediate, continuing, and irreparable injury.  The 1974 Plan is without an adequate remedy at law.

WHEREFORE, the Plaintiffs pray that judgment be entered in its favor and for the following relief:

(a)  a declaration that Walter Energy has completely withdrawn from the 1974 Plan;

(b)  a declaration that Defendant Cardem was under common control with Walter Energy on the date of withdrawal within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and hence a single employer for withdrawal liability purposes and are therefore jointly and severally liable for the withdrawal liability of Walter Energy;

(c)  a declaration that the amount of Walter Energy and Defendant Cardem's withdrawal liability to the 1974 Plan is $933,942,409.74;

(d)  a declaration that the Defendant Cardem is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and that the entire

          amount of withdrawal liability set forth in paragraph (c) is due and payable to the 1974 Plan;

(e)    an Order requiring that Defendant Cardem pay the withdrawal liability as owed to the 1974 Plan, plus interest thereon from the date such amount became due and owing, together with liquidated damages pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b);

(f)    judgment for attorney fees, and other costs and disbursements in this action pursuant to Sections 502(g)(2), 515, and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b);

(g)    that the Court retain jurisdiction of this case pending compliance with its orders; and

(h)    for such other and further relief as the Court may deem just.

Respectfully submitted,

GLENDA S. FINCH
General Counsel
DC Bar #418206

LARRY D. NEWSOME
Associate General Counsel
DC Bar #254763

*/s/ Kathleen B. Burns*
KATHLEEN B. BURNS
Assistant General Counsel
DC Bar # 492460
UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: 202-521-2233

Attorneys for Plaintiffs