UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL H. HOLLAND,** *et al.***,** | |
| Plaintiffs, | |
| v. | Civil Action No. 19-02362 (TSC) |
| **CARDEM INSURANCE COMPANY, LTD**, | |
| Defendant. | |

## MEMORANDUM OPINION

Plaintiffs Michael H. Holland, Michael W. Buckner, Michael Loiacono, and Michael McKown are the trustees of the United Mine Workers of America 1974 Pension Plan ("the Plan"). Compl. ¶ 4, ECF No. 1. Plaintiffs have sued Defendant Cardem Insurance Company, LTD ("Cardem") to recover nearly $934 million in pension funds allegedly due under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* ¶ 13. Defendant is a Bermudan company with its principal place of business in Bermuda. Def.'s Sec. Mot. to Dismiss at 1, ECF No. 25. Defendant was previously a subsidiary of Walter Energy, a U.S.-based company. *Id.* at 4.

Defendant moved to dismiss the lawsuit for lack of personal jurisdiction. *Id.* at 2. Plaintiffs opposed and moved for jurisdictional discovery. *Id.* The matter was then referred to Magistrate Judge G. Michael Harvey, who wrote a Report and Recommendation ("Report I") concluding that Defendant is not subject to general or specific personal jurisdiction but nevertheless recommending that this court GRANT Plaintiffs' motion for jurisdictional discovery. *See Holland et al. v. Cardem Ins. Co., Ltd*, 2020 WL 9439381 (D.D.C. June 22,

1

2020).  This court adopted Magistrate Judge Harvey's recommendation and ordered jurisdictional discovery.  9/2/2020 Order, ECF No. 20.  After the discovery was concluded, Defendant renewed its motion to dismiss for want of personal jurisdiction, and Magistrate Judge Harvey issued another Report and Recommendation ("Report II") reaffirming his previous recommendation that this court GRANT Defendant's motion and dismiss the case.  Report II, ECF No. 28 at 2.  Plaintiffs objected to Report II, Defendant responded to the objections and Plaintiffs submitted a Reply.  *See* Pls.' Obj., ECF No. 32; Def.'s Resp., ECF No. 33; Pls.' Reply, ECF No. 34.

Having considered Report II, Plaintiffs' objections, and Defendant's responses, the court will adopt Report II over Plaintiffs' objections, and GRANT Defendant's motion to dismiss this case for lack of personal jurisdiction.

## I.  LEGAL STANDARD

"District courts must apply a *de novo* standard of review when considering objections to, or adoption of, a magistrate judge's Report and Recommendation."  *Means v. District of Columbia*, 999 F. Supp. 2d 128, 132 (D.D.C. 2013).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b).  There are "two procedural limitations that affect a district court's review: (1) an objecting party is not permitted to present new initiatives to the district judge… and (2) an objecting party relinquishes the opportunity to challenge the district court's adoption of any portion of the Magistrate Judge's Report that an objecting party has failed to timely file an objection."  *Taylor v. District of Columbia*, 205 F. Supp. 3d 75, 79 (D.D.C. 2016) (internal citation omitted).

Plaintiffs bear the burden of establishing that this court has personal jurisdiction over Defendant. *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990). Personal jurisdiction may be either specific or general. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). Because Plaintiffs do not object to Magistrate Judge Harvey's conclusion that specific personal jurisdiction does not apply here, Report II at 10, ECF No. 28, the court's analysis is confined to general personal jurisdiction.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). It would be "an exceptional case" if a corporation is "at home" in a forum "other than its formal place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014). In practice, a district court determines whether a corporation is subject to general jurisdiction by comparing its in-forum contacts to its "activities in their entirety, nationwide and worldwide." *Id.* n.20.

## II.     ANALYSIS

### A. Plaintiffs' Objection #1: Report II erroneously concludes that Plaintiffs failed to evaluate the property and risk insured by Defendant and Defendant's reinsurance contracts.

#### a. Reinsurance contracts

Plaintiffs claim Magistrate Judge Harvey erroneously concluded that they failed to provide an analysis comparing Defendant's U.S. business activities to its non-U.S. business activities. Pls.' Obj. at 4. According to Plaintiffs, a comparative analysis was unnecessary because Defendant derived 100% of its operational revenue from the U.S., in the form of

3

insurance premiums it charged to Walter Energy. *Id.* Likewise, Plaintiffs contend that Magistrate Judge Harvey erred in relying on the number of non-U.S. entities with which Defendant has entered reinsurance contracts in finding that Defendant is not "at home" in the United States. *Id.* at 5. Specifically, Plaintiffs argue that the court should focus solely on Defendant's operational revenue, which "was approximately $500,000 in net premiums it received from the U.S." after subtracting reinsurance premiums paid by the Defendant from the insurance premiums it received from Walter. *Id.* Plaintiffs further argue that the reinsurance proceeds Defendant receives from non-U.S. entities is not revenue because Defendant "simply acted as a conduit for the transfer of these proceeds to Walter." *Id.*

Plaintiffs' argument is unavailing. First, *Daimler* requires the court to compare Defendant's in-forum contacts to its "activities in their entirety, nationwide and worldwide." 571 U.S. at 139 n. 19. Plaintiffs have cited no authority requiring district courts, in determining personal jurisdiction, to focus solely on the source of a corporation's revenue. Plaintiffs' focus on revenue rather than activity is misplaced, and they failed to provide a comparative analysis of Defendant's activities in and outside of the United States or other information to show how Defendant's contacts outside the United States impacted its activities. Courts in this Circuit have found general personal jurisdiction lacking where plaintiffs fail to provide sufficient information to evaluate a corporation's contacts outside of the United States. *See OGI Grp. Corp. v. Oil Projects Co. of Ministry of Oil*, No. 19-CV-2619, 2020 WL 6342886, at *8 (D.D.C. Oct. 29, 2020) (rejecting a claim of general jurisdiction where the plaintiff "offered no factual allegations or evidence of [defendant's] activities outside the United States that would enable the court to evaluate the significance of the company's presence within the United States."). And at least one other Circuit has treated a corporation's contractual relationships as its "contacts" with a certain

forum. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (concluding that a French company's California contacts, which include the contracts it forms with California entities, "are minor compared to its other worldwide contacts."). Thus, Magistrate Judge Harvey did not err in relying on Defendant's reinsurance contracts with non-U.S. entities, the existence of which undercuts Plaintiffs' argument that Defendant's contacts are concentrated in the United States. *See* Report II at 19.

### b. Property and risk insured

Plaintiffs challenge Magistrate Judge Harvey's conclusion that Defendant's contacts are not concentrated in the United States because it has insured properties in the United Kingdom and Bermuda. Pls.' Obj. at 10. They argue that they have met their burden of establishing this court's personal jurisdiction over Defendant because they have shown that all the property Defendant insures is owned by Walter Energy—Defendant's U.S.-based parent company. *Id.*

But multiple precedents support Magistrate Judge Harvey's conclusion that "[t]he location of the insured property or risk is just as relevant in the jurisdictional analysis as the domicile of the owner of that property or risk." ECF No. 28 at 18 (citing *Adams v. Unione Mediterranea Di Sicurta*, 2001 WL 986867, at *4 (E.D. La. Aug. 27, 2001)); *see also Air Tropiques, Sprl v. Northern & Western Ins. Co. Ltd.*, 2014 WL 1323046, at *11 (S.D. Tex. Mar. 31, 2014) (noting, in a post-*Daimler* case, that the location of the insured property and the client's citizenship are both relevant to jurisdictional analysis). As Plaintiffs did not address the location of the insured property in their analysis, this court agrees with Magistrate Judge Harvey that they did not meet their burden of showing that Defendant's insured property and risk are concentrated in the United States.

B. **Plaintiffs' Objection #2: Report II erroneously concludes that Defendant's loan to Walter Energy and Walter Energy's control of Defendant are insufficient to support general personal jurisdiction.**

   a. **Walter Energy's control of Defendant**

Plaintiffs dispute Magistrate Judge Harvey's conclusion that the evidence "do[es] not show nearly the level of 'control' Plaintiffs claim Walter Energy wielded over Cardem." Pls.' Obj. at 7 (quoting Report II at 23). Specifically, Plaintiffs cite statements and emails by Walter Energy's officers to demonstrate that "Walter Energy directed Cardem's financial transactions purely for the benefit of Walter Energy." *Id.* at 8.

But even if Walter Energy's contacts with the United States could be attributed to Defendant based on Walter Energy's control over Defendant's operations, these contacts would be insufficient for the court to exercise general jurisdictional over Defendant. The Supreme Court has rejected the "agency" test for general personal jurisdiction as unconstitutionally overbroad. *See Daimler*, 571 U.S. at 118, 136; *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070-72 (9th Cir. 2015) ("The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction."). Thus, under the heightened standard for general personal jurisdiction after *Daimler*, Walter Energy's control over Defendant is not, without more, a sufficient basis to establish personal jurisdiction over Defendant.

   b. **Defendant's loan to Walter Energy**

Magistrate Judge Harvey compared Defendant's loan to Walter Energy to insufficient U.S. contacts other foreign companies had with the U.S. and likewise found the loan could not establish general jurisdiction. Report II at 36. Plaintiffs claim this comparison was an error. Pls.' Obj. at 9-10.

In *Daimler*, for example, the Supreme Court declined to assert general jurisdiction over a German company even though its U.S.-based subsidiary's sales totaled $4.6 billion and accounted for 2.4% of the company's sales worldwide. 571 U.S. at 148. Here, Magistrate Judge Harvey found that the value of Defendant's loan "pale[d] in comparison" to *Daimler*. Report II at 36. This type of comparison by analogy is common in law generally and in discussions regarding general jurisdiction. *See e.g.*, *Guaranteed Rate, Inc. v. Conn*, 264 F. Supp. 3d 909, 916 (N.D. Ill. 2017) ("If the maintenance of 2,000 miles of railroad track and employment of more than 2,000 workers in the forum state cannot establish general jurisdiction as the Supreme Court held in *BNSF Railway*, then the business allegedly conducted by [defendant] in this case cannot either.")

Plaintiffs argue that because the approximately $13 million loan is equivalent to 92% of the value of Defendant's total assets, it was "integral to [Defendant's] operations" and therefore establishes that Defendant's contacts are concentrated in the United States. *Id.* at 7, 10. It is true that in-forum loans are "relevant to whether [a party's] contacts are 'continuous and systemic.'" *DGG Group LLC v. Lockhart Fine Foods, LLC*, 2021 WL 308946, at *4 (W. D. Tex. Jan. 29, 2021), *report and recommendation adopted*, 2021 WL 4047402 (W.D. Tex. Mar. 2, 2021). Nevertheless, Plaintiffs have not cited, nor has this court located, any precedent in which in-forum loans are dispositive of jurisdictional issues, so Defendant's loan to its U.S.-based parent company does not, in and of itself, establish Defendant is "at home" in the United States. *BNSF Ry. Co.*, 581 U.S. at 414.

C. **<u>Plaintiffs' Objection #3: Report II incorrectly concludes that the sum of Defendant's contacts with the United States does not meet the post-*Daimler* standard for general personal jurisdiction.</u>**

Plaintiffs argue that the court should exercise personal jurisdiction over Defendant because it "systematically and continuously subjected itself to U.S. law and U.S. court jurisdiction, elected to be treated as a U.S. taxpayer, derived all of its revenue from the U.S., paid all of its profits into the U.S., held a U.S. loan as its principal asset, and remained under the control of U.S.-based officers and directors." Pls.' Obj. at 12. This argument is unpersuasive. Some of the factors Plaintiffs cite are irrelevant to jurisdictional analysis, and the weight of the relevant factors is not sufficient to render this case an "exceptional" one in which general personal jurisdiction is warranted.

As noted above, the fact that an entity is controlled by a U.S.-based parent company does not establish personal jurisdiction. *See supra* at 6. Moreover, Magistrate Judge Harvey also found that Defendant's U.S. taxpayer status and the forum-selection clauses in its commercial contracts were not germane to the jurisdictional analysis. Report II at 29, 35. This court agrees and adopts these conclusions. Plaintiffs have waived their right to challenge these conclusions because they did not raise a specific objection to Magistrate Judge Harvey's characterization of Defendant's taxpayer status and forum-selection clauses. *See Taylor*, 205 F. Supp. 3d at 79.

Although Defendant held a U.S. loan as a principal asset and derived its revenue and profits from business in the United States, these factors are balanced by the fact that Defendant is based in and incorporated in Bermuda, entered into foreign reinsurance contracts, and insured British and Bermudan property. *See supra* at 2-4. Plaintiffs did not consider these countervailing factors, and therefore did not meet their burden to compare Defendant's in-forum contacts with its "activities in their entirety, nationwide and worldwide." *Daimler*, 571 U.S. at

139 n. 20.  Thus, Magistrate Judge Harvey did not err in finding that "it is impossible to conclude that Defendant is 'essentially at home' in the United States."  Report II at 35.

### D. Plaintiffs' Objection #4: Defendant's significant business in the U.S. warrants exercising personal jurisdiction in this case, even if Defendant is not "at home" in the U.S.

Lastly, Plaintiffs urge this court to adopt a less rigorous standard of personal jurisdiction because Defendant is a foreign corporation.  They contend that the more rigorous standard is grounded in the Fourteenth Amendment, which is inapplicable here, and cite the Fifth Circuit's "national" jurisdiction test which "applies only to state courts and to federal courts sitting in diversity."  Pls.' Obj. at 13.  Plaintiffs argue that the court should adopt the "national" jurisdiction test which arises out of the Fifth Amendment and allows a foreign defendant to be sued "in federal district court on a federal-law claim when the defendant conducts continuous and systematic business in the U.S… and the claim is reasonably related to that business."  *Id.*

But as Plaintiffs themselves acknowledge, the D.C. Circuit rejected the "national" jurisdiction test in *Livnat v. Palestinian Authority*, 851 F.3d 45, 55 (D.C. Cir. 2017) (declining to "devise new standards for [personal jurisdiction claims arising under the Fifth Amendment] that are less stringent than those under the Fourteenth Amendment").  Pls.' Obj. at 16.  Undaunted, Plaintiffs argue that *Atchley v. AstraZeneca UK Ltd.*, 22 F.4th 204 (D.C. Cir. 2022), weakens *Livnat*'s authority.  Pls.' Obj. at 16.  The court cannot agree.  *Atchley* restates *Livnat*'s holding that "the Fifth and Fourteenth Amendment Due Process inquiries are generally analogous," except for "the scope of the forum and potential federalism considerations" which are not relevant to this case.  *Atchley*, 22 F.4th at 232.  Since *Livnat* continues to be binding Circuit precedent, this court rejects Plaintiffs' objection and declines to adopt a less rigorous standard for general personal jurisdiction.

9

### III.     CONCLUSION

For the reasons stated above, the court will GRANT Defendant's Second Motion to Dismiss for lack of personal jurisdiction, ECF No. 25.

Date: September 11, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge